IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRAIG OKEIDO ANDERSON, | * |
| Petitioner, | Criminal No. RDB-14-0042 |
| v. | Civil Action No. RDB-16-1468 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Craig Okeido Anderson ("Petitioner" or "Anderson") pled guilty before this Court to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), pursuant to a Plea Agreement with the Government. J., p. 1, ECF No. 59. Judge Quarles[1] of this Court sentenced Petitioner to 84 months imprisonment, followed by three years of supervised release. *Id.* at 2-3. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 76).[2] Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons discussed herein, Petitioner's Motion to Vacate (ECF No. 76) is DENIED.

---

[1] Judge Quarles of this Court both accepted Petitioner's guilty plea and sentenced Petitioner. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Quarles' retirement from this Court.

[2] Also pending before this Court is Petitioner's Motion to Amend his pending Motion to Vacate (ECF No. 78), in which he requests that his sentence be reduced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner's Motion to Amend (ECF No. 78) is GRANTED. Accordingly, all arguments raised by Petitioner in both his initial Motion to Vacate (ECF No. 76) and subsequent filings, including Petitioner's *Johnson* argument, will be addressed herein.

1

BACKGROUND

On August 27, 2014, Petitioner Craig Okeido Anderson ("Petitioner" or "Anderson") pled guilty before this court to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), pursuant to a Plea Agreement with the Government. J., p. 1, ECF No. 59. At a Rearraignment hearing before Judge Quarles of this Court, Anderson verified on the record that he had read and discussed the Plea Agreement with his court-appointed counsel, understood the charges against him, and was satisfied with his counsel's services. Rearraignment Tr., pp. 5-9, ECF No. 70.[3] Judge Quarles accepted Anderson's guilty plea, finding that he had knowingly and voluntarily entered into that guilty plea with the assistance of counsel. J., p. 1, ECF No. 59. Subsequently, in a November 14, 2014 letter to this Court (ECF No. 48), and at a January 13, 2015 hearing, Anderson moved to withdraw his plea. This Court denied that request, finding that Anderson had not established any of the six factors required for a criminal defendant to withdraw his guilty plea. *See* Mem. Op., p. 6, ECF No. 56 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). This Court sentenced Anderson to 84 months imprisonment, followed by three years of supervised release. J., p. 1, ECF No. 59.

The United States Court of Appeals for the Fourth Circuit affirmed Anderson's conviction and upheld this Court's denial of Anderson's motion to withdraw his guilty plea.

---

[3] At his Rearraignment hearing, Anderson stated that he was a citizen of the United States. Rearraignment Tr., p. 9, ECF No. 70. The Presentence Report subsequently indicated that Anderson was, in fact, a citizen of Jamaica. Presentence Report, p. 21, ECF No. 42. In the pending Motion, Anderson contends that he was unaware of the immigration consequences of his guilty plea and, had he known of his immigration status at the time of his Rearraignment, would not have pled guilty. Mot. to Vacate, p. 13, ECF No. 76. As discussed *infra*, Anderson specifically accepted the immigration consequences of his guilty plea in signing the Plea Agreement. Accordingly, for the reasons discussed herein, his argument fails.

*United States v. Anderson*, 624 F. App'x 106 (4th Cir. Dec. 14, 2015). In his pending Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 76), Anderson argues that his court-appointed counsel rendered ineffective assistance, in violation of his rights under the Sixth Amendment to the United States Constitution. *See* Mot., ECF No. 76; Reply, ECF No. 82. Additionally, Anderson contends that he is entitled to a sentence reduction in light of the United States Supreme Court's holding in *Johnson v United States*, 135 S.Ct. 2551 (2015), which declared the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague. *See* Mot. to Amend, ECF No. 78.

## STANDARD OF REVIEW

*Pro se* filings are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

## DISCUSSION

In order to establish ineffective assistance of counsel, Petitioner must satisfy the two-

pronged test established in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was deficient such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was prejudicial, meaning the defendant was "depriv[ed] . . . of a fair trial." *Id.* at 687. To demonstrate such prejudice, Petitioner must show there was a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for the Petitioner to obtain the relief he is seeking. *Id.* at 687.

In the plea bargaining context, "claims of ineffective assistance of counsel . . . are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill*, 474 U.S. at 57). However, the "prejudice prong of the test is slightly modified" in that Petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59).

I. **Petitioner Has Failed to Demonstrate Ineffective Assistance of Counsel**

Petitioner argues his "trial counsel failed to advise him before pleading guilty to 18 U.S.C. § 922(g)(1) that . . . this was a deportable offense under the Immigration and Naturalization Act (8 U.S.C. § 1227)." Mot., p. 8, ECF No. 76. He specifically contends that

his attorney "did not confer with [Petitioner] and explain the adverse consequence of deportation by entering a plea of guilty." *Id.* at 10.

In this case, Petitioner is incapable of demonstrating ineffective assistance because he explicitly indicated on the record at his Rearraignment proceedings that he was satisfied with his counsel's representation and that he was voluntarily pleading guilty to being a felon in possession of a firearm and ammunition. The record reads as follows:

> THE COURT: Mr. Anderson, you've just taken an oath to tell the truth. That means that any statement you make this afternoon has to be true . . . Do you understand that, sir?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: You're pleading guilty to being a felon in possession of a firearm and ammunition... Do you understand what you're pleading guilty to and what the penalties are?
>
> DEFENDANT ANDERSON: Yes, sir, absolutely.
>
> THE COURT: Are you a citizen of the United States?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Have you read and discussed the . . . criminal charges—with your lawyers?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Have they answered all of your questions?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Are you satisfied with their services?
>
> DEFENDANT ANDERSON: Yes, sir.

Rearraignment Tr., pp. 6-9, ECF No. 70.

Regarding Petitioner's claim that counsel failed to warn him of the potential immigration consequences of pleading guilty, Petitioner has not shown that but for his counsel's errors, he would not have pleaded guilty. Additionally, the United States Court of Appeals for the Fourth Circuit has explicitly rejected his argument. As the Fourth Circuit explained in its judgment affirming this Court, "Anderson had actual notice of these possible immigration consequences because they were included in the plea agreement." J., p. 3, ECF No. 74. Pursuant to the Plea Agreement with the Government, Petitioner "surrender[ed] certain rights as outlined below: . . .

> By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if the Defendant is not a citizen of the United States, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States . . . .[T]he Defendant understands that no one, including defense counsel or the Court, can predict with certainty the effect of conviction on immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Plea Agreement, pp. 2-3, ECF No. 37.

As discussed *supra*, Petitioner has entered a valid guilty plea to the offense of being a Felon in Possession of a Firearm and Ammunition, and has stipulated to the facts the Government would be able to prove at trial with respect to that offense. Petitioner entered his guilty plea voluntarily and the Fourth Circuit affirmed this Court's order denying Petitioner's motion to withdraw that guilty plea. *See* J., p. 3, ECF No. 46. For these reasons, Petitioner's first argument fails.

**II.     Petitioner is Not Entitled to Relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015)**

Petitioner has subsequently filed a Motion to Amend his pending Motion to vacate (ECF No. 78), in which requests that his sentence be reduced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner's Motion to Amend (ECF No. 78) is GRANTED. Accordingly, this Court will consider Petitioner's *Johnson* argument herein. However, as discussed *infra*, the *Johnson* decision has no bearing on Petitioner's sentence, and Petitioner has raised no grounds for relief in light of *Johnson*. Accordingly, Petitioner's additional argument fails.

Possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) ordinarily carries a maximum sentence of ten years imprisonment. However, "[t]he Armed Career Criminal Act of 1984 ("ACCA") increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a 'serious drug offense' or a 'violent felony.'" *Welch v. United States*, 136 S. Ct. 1257, 1259 (2016) (quoting 18 U.S.C. § 924(e)(1)). "The definition of 'violent felony' includes the so-called residual clause, covering any felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutional because it failed to provide sufficient notice of the types of violent felonies covered under the ACCA.

The *Johnson* case has absolutely no applicability to this case because Petitioner was not sentenced under the Armed Career Criminal Act. Based on Petitioner's total offense level of 23 and his criminal history category of VI, the sentencing guideline range for imprisonment was 92 to 115 months. Presentence Report, p. 20, ECF No. 42. This Court adopted the

factual findings and advisory guideline application in the Presentence Report without change, and imposed a sentence below the advisory guideline range. Statement of Reasons, pp. 1-3, ECF No. 60 [SEALED]. Accordingly, Petitioner has not stated a basis for relief under the *Johnson* case. Petitioner's additional argument, raised in his Motion to Amend (ECF No. 78), is without merit. For these reasons, Petitioner's pending Motion to Vacate (ECF No. 76) is DENIED.[4]

---

[4] Also pending before this Court is Petitioner's Motion for Judicial Action (ECF No. 68), in which he "request[s] this Court to Order [Petitioner] to continue his detention at the Chesapeake Detention Facility ("CDF") during the pending motion and appeal of this matter." As discussed herein, Petitioner's direct appeal has concluded. The United States Court of Appeals for the Fourth Circuit has affirmed this Court's judgment. *See Anderson*, 624 F. App'x 106. Additionally, for the reasons discussed *supra*, Petitioner's Motion to Vacate (ECF No. 76) is now DENIED. Accordingly, Petitioner's pending Motion for Judicial Action (ECF No. 68) is now MOOT.

CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 76) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:   January 13, 2017

/s/
Richard D. Bennett
United States District Judge